## FRANCISCO CARRERAS
*v.*
## JOSÉ CALZADO ET AL.

### Law, No. 427.

1. The district court of the United Staes for Porto Rico will not entertain a suit in ejectment founded upon the alleged illegality of a dominion title when it appears that a suit is pending in the local court to set aside said title, the latter suit being by defendants in this court against the vendors of the plaintiff in this action.

2. The court, as a condition to dismissing the action, may require the defendants here (plaintiffs in the local court) to make the plaintiff here a defendant there.

Opinion filed June 15, 1907.

*Frank Antonsanti, Esq.,* attorney for plaintiff.

Carreras v. Calzado.

*Eugenio Benitez, Esq.,* and *Domingo Massari, Esq.,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This is a peculiar case, and one in which the court feels it must, by its action and order, discountenance the practice attempted to be carried on under it. The action is in ejectment for 90 acres of land, situated in the barrio of Hato Puerco, in the municipal jurisdiction of Loiza. The parties, under stipulation, tried the case before us without the intervention of a jury. We have caused the stenographer to read most of his notes of the evidence, and we have examined the short briefs filed by counsel for the respective parties, as well as the pleadings and exhibits. We find this state of facts to exist:

It appears that these defendants were in possession of the land in question for many years by themselves and their predecessors in interest, but the evidence also tends to show that some of the predecessors in interest of the plaintiff also were, or claimed to be, in possession of the land in controversy or some portion of it. Some time ago the predecessors in interest of the plaintiff, as it is said, by collusion and fraud, secured from the proper court on the island here, a dominio title to the land in controversy. When these defendants ascertained that fact, about six or more months ago, they brought a suit in the San Juan district court of Porto Rico, against the party or his heirs who had thus obtained the dominio title to the land which they thus occupy and claim; but it seems that they unfortunately neglected to file a warning or *lis pendens* notice in the registry of property for the proper district, of the pendency of the suit, so as to protect their rights. While that suit was pending, and it seems not to be ended yet, the parties thus having the dominio

title sold the land to this plaintiff, who claims to be an innocent purchaser for full value, without notice. Plaintiff, after thus acquiring the property, immediately brought this suit in this court to eject these defendants from it. The evidence of plaintiff himself is rather positive that he had no knowledge of the suit then pending, but he confesses that when he went to take possession of the land, while it was delivered to him by his vendor, these defendants' refused to give him possession or to let him into possession, although he pretended to put a man there to hold possession for him.

Now it may be that if this plaintiff bought the property from parties in whose name or names the dominio title was duly recorded, in the registry, as an innocent purchaser for value, and without notice of this suit, or of the possession of these defendants, he may now have the better title, especially under the rule laid down by the Supreme Court of the United States in the recent case of Romeu v. Todd, in a decision which has just come to hand. [206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724.] However, we think that as the district court of San Juan properly took and had jurisdiction of the real controversy previous to this suit being brought, and as there is great chance that this is a mere subterfuge and scheme to defraud these defendants out of their rights, the court feels that the district court of San Juan, where the other and main suit is now pending (which fact is certified to us here) between these defendants and this plaintiff's immediate grantors, to set aside this dominio title, is the proper tribunal to settle this whole controversy.

If this court had a suit in chancery pending before it to set aside that dominio title for fraud and collusion, or to hold its beneficiary trustee for these defendants, as that district

court now has, and that court had taken jurisdiction of a suit in ejectment, such as this is, we would feel that it was not observing that comity that should exist between all courts on this island; and therefore, fearing, as we do, that this plaintiff is suing in this court simply with a view of getting an undue and wrongful advantage of these defendants, we feel constrained to and do order:

That if these defendants shall at once cite and make this plaintiff a party defendant in said district court of San Juan in the proceeding they have now pending there to cancel this dominio title, with a view to settling their title as against him also, and shall bring a certificate to this court showing that they have done so, then, on the filing of such certificate, this suit will stand dismissed without prejudice, with costs against the plaintiff, without further action on the part of this court. Let the order be made.